IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMIE JAFFER OTHMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-13-DRH |
| ) | |
| ALBERTO GONZALES, at al., ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the Petition for Writ of Habeas Corpus filed by Ramie Jaffer Othman pursuant to 28 U.S.C. § 2241. For the reasons set forth below, it is **RECOMMENDED** that the petition be **DISMISSED for lack of subject matter jurisdiction,** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Petitioner Ramie Jaffer Othman, a native of Jordan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 8, 2007, challenging his continued detention by Immigration and Customs Enforcement ("ICE") at the Tri-County Justice and Detention Center in Ullin, Illinois (Doc. 1). Petitioner alleges that after he completed a sentence in the state of Illinois for aggravated robbery, federal officials took him into ICE custody pending removal to his home country on July 7, 2006 (Doc. 1 at 3). Petitioner alleges that ICE has been unable to obtain the necessary travel documents to remove him to Jordan, and he has been detained for longer than 180 days, the presumptively reasonable time period ICE may detain aliens pending removal (Doc. 1 at

3-4). On February 22, 2007, Petitioner received a release notification informing him that he was to be released from ICE custody. The letter indicated that "ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal" (Doc. 13-2, p. 1). Petitioner was released from detention on March 2, 2007, under an Order of Supervision that required him, *inter alia*, to comply with the conditions of an Electronic Monitoring Program (Doc. 13-2, p. 2). In a declaration submitted with the response, James McPeek, Assistant Field Director, Department of Homeland Security, Immigration and Customs Enforcement, declared that Petitioner was released from electronic monitoring on June 5, 2007, because he had complied with the program. Petitioner was then placed on a telephonic reporting system, which required him to call monthly. Mr. McPeek declared that Petitioner had complied with the reporting requirements and was in compliance with his Order of Supervision as of the date of the declaration (Doc. 13-1, pp. 1-2).

Petitioner argues that his continued detention longer than six-months violated 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and violated substantive and procedural due process. Petitioner requested that this court issue a writ of habeas corpus directing Respondents to immediately release him from custody (Doc. 1 at 6).

Upon the undersigned's report and recommendations, the Court denied the Respondent's Motion to Dismiss the petition as moot, filed May 15, 2007, because the Respondent did not demonstrate that Petitioner had been released from custody (Doc. 11). The petition is now before the Court for merits review.

Respondent argues that the petition should be denied because Petitioner's detention was not unlawful under the statute and furthermore, Petitioner was released from custody on an Order of

Supervision on March 2, 2007 (Doc. 13-2, p. 2). Respondent further argues that due to Petitioner's release, the petition is moot and should be dismissed for lack of jurisdiction.

## CONCLUSIONS OF LAW

Habeas corpus is the appropriate vehicle for obtaining release from immigration custody where there is inordinate delay pending removal. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (specifying that 28 U.S.C. § 2241(c)(3) confers jurisdiction to federal courts to consider post-removal-period detention cases). The maximum time an alien can be detained pending removal is limited by statute to 90 days. *See* 8 U.S.C. § 1231(a)(3). Some aliens, however, including those who have committed certain crimes or "have been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period" and if they are released, may be subject to other terms of supervision. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court recognized six-months as a presumptively reasonable time to detain and alien pending removal under section 1231(a)(6). *Id.* at 701.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (*citing Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) and *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989)). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending, meets the "in custody" requirement; his release does not necessarily render his petition moot.

The petition, however, must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*,

3

523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). After a habeas petitioner has been released from custody some "concrete and continuing injury" or "collateral consequences" must exist as a result of the detention being challenged for the suit to present a continued case or controversy. *Spencer*, 523 U.S. at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

The instant petition is moot because it presents no case or controversy as required under Article III. Petitioner does not challenge the legality of the order of removal, he challenges only his ICE detention beyond the presumptively reasonable period. Because he has been released, there is no remedy the Court can effect, nor are there any potential collateral consequences. He has been released, which was the only relief he sought. *See Abdala v. Immigration and Naturalization Service*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that removal mooted habeas challenge to length of detention); *Riley v. Immigration and Naturalization Service*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (holding that release from detention under order of supervision rendered moot petition challenging legality of extended detention).

Arguably, Petitioner's continued supervision and the threat of potential removal at any time are sufficient collateral consequences to save a petition challenging an order or removal from being moot. The petition here, however, does not challenge the order of removal; it challenges only Petitioner's detention beyond the presumptively reasonable period. Thus, those collateral consequences are not applicable to the instant petition.

## CONCLUSION

For the reasons set forth above, it is therefore **RECOMMENDED** that the petition (Doc. 1)

be **DISMISSED for lack of subject matter jurisdiction**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 1, 2010**

          s/ *Donald G. Wilkerson*
          **DONALD G. WILKERSON**
          **United States Magistrate Judge**